804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William G. ROLLINS, Appellant,
v.
Manfred G. HOLLAND, Superintendent, West Virginia
Penitentiary, Appellee.
 No. 86-7039.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1986.
Decided Nov. 4, 1986.
 
 William G. Rollins, appellant pro se.
 Chauncey H. Browning, Attorney General, for appellee.
 N.D.W.Va.
 DISMISSED.
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 A review of the record and the district court's opinion accepting the magistrate's recommendation, discloses that an appeal from its order granting the writ with limited effect but otherwise denying relief pursuant to 28 U.S.C. Sec. 2254 would be without merit. Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal on the reasoning of the district court.[1] Rollins v. Holland, C/A No. 84-012-E(K) (N.D.W.Va., January 22, 1986).
 
 
 2
 DISMISSED.
 
 
 
 [1]
 We note that the district court found Rollins' claim, that he was prejudiced by the trial judge's rereading of the jury instructions relating to possible verdicts, procedurally barred under Wainwright v. Sykes, 433 U.S. 72 (1977) because Rollins' counsel did not object at trial. Insofar as this claim is one of constitutional magnitude, we decline to hold that Rollins is barred from presenting it here, particularly in light of the fact that the record does not reveal application of procedural bar by the West Virginia courts. Smith v. Bordenkircher, 718 F.2d 1273 (4th Cir.1983), cert. denied, 466 U.S. 976 (1984). Our review of the record, however, reveals that Rollins has not been prejudiced by the district court's application of the procedural bar since the court granted Rollins relief on the only prejudicial error resulting from the rereading of the jury instructions